UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALEX BISE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00648-JPH-MJD |
| | ) |
| VANIHEL, | ) |
| BENEFIL, | ) |
| PARR, | ) |
| | ) |
| Defendants. | ) |

**Order Directing Entry of Final Judgment**

Plaintiff Alex Bise is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("WVCF"). He filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden Vanihel, Officer Benefil, and Ms. Parr. He alleges that these individuals are liable to him based on their involvement with prison disciplinary proceeding WVD 20-06-0067.

The December 14, 2020, Entry dismissed the complaint pursuant to 28 U.S.C. § 1915A(b) finding that the complaint failed to state a claim upon which relief may be granted. Mr. Bise was given the opportunity to show cause why Judgment consistent with that Entry should not issue. Dkt. 5. In response, Mr. Bise filed an amended complaint based on the same facts and circumstances. Dkt. 9. Having raised no new material facts, the amended complaint is dismissed for the same reasons set forth in the December 14, 2020, Entry. Dkt. 5.

**I. Discussion**

In short, Mr. Bise was convicted of aiding/abetting the possession of intoxicants in WVD20-06-0067, even though Mr. Bise was at work at the time the 2 gallons of "wine" were discovered and Mr. Bise's cellmate took full responsibility for the intoxicants. Even if Mr. Bise

1

was innocent of the disciplinary offense, he cannot establish a violation of his due process rights. This is because Mr. Bise was only sanctioned with a written reprimand, loss of commissary for one month, and loss of recreation for 5 days. He was not sentenced to disciplinary restrictive housing, and he was not deprived of earned time credits. Although he was reclassed to "idle no pay" and lost his job in the sewing shop, such consequences do not implicate his due process rights.

The due process clause applies only to deprivations of life, liberty, and property; because Mr. Bise lost none of these things, he was not entitled to any particular process or quantum of evidence. *Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008); *see Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001) (when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"). In other words, a prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) allege that he has a liberty or property interest that the state has interfered with; and (2) allege that the procedures he was afforded were constitutionally deficient. *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994) (*citing Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Mr. Bise cannot meet the first requirement. He has not identified a liberty or property interest that the state has interfered with. Mr. Bise does not have a liberty or property interest in his prison employment. "The Constitution does not give prisoners any substantive entitlements to prison employment." *Soule v. Potts*, 676 F. App'x 585, 586 (7th Cir. 2017) (citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Therefore, the amended complaint is dismissed.

Mr. Bise requests to submit a copy of his "paycheck stub" which shows his pay rate and that he paid taxes. Dkt. 11. That request, dkt [11], is **granted.** He states, "This alone should be enough proof that plaintiff has some rights and liberty's while working in sewing shop." Dkt. 11. Mr. Bise is mistaken. The fact that he was compensated well for his work does not suggest that he had a constitutional right to employment or that he was entitled to due process before the opportunity to continue to work and earn money was terminated. *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc) (loss of prison employment does not affect liberty or property interests); *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995)).

In addition, the temporary restriction on spending and reassignment of housing quarters does not rise to the level of a due process violation. *Brown v. Lirios*, 391 F. App'x 539, 542 (7th Cir. 2010) (citing *Sandin v. Conner*, 515 U.S. 472, 486, (1995) (prisoner's 30–day segregation does not trigger due process protections); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . ."); *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (no protected interest in commissary privileges)).

## II. Conclusion

The complaint, dkt [1], and amended complaint, dkt [9], are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b). Judgment consistent with this Order shall now issue. Given the dismissal of this action, the motion to appoint counsel, dkt [10], is **denied as moot.**

**SO ORDERED.**

Date: 1/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ALEX BISE
123352
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838